IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 06-0381 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO MODIFY OR REDUCE SENTENCE** (Doc. 94.) |
| vs. | |
| HECTOR GARCIA RAMIREZ, et al, | |
| Defendants. | |

**INTRODUCTION**

Defendant Hector Garcia Ramirez ("defendant") proceeds pro se and seeks to modify or reduce his 120-month sentence pursuant to 18 U.S.C. § 3582(c)(2). Plaintiff United States of America ("Government") opposes sentence modification or reduction. For the reasons discussed below, this Court DENIES defendant's motion to modify or reduce his sentence.

**BACKGROUND**

Defendants entered into a June 1, 2007 plea agreement to plead guilty to violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) – conspiracy to distribute methamphetamine. Pursuant to the plea agreement, defendant "knowingly waives the right to appeal his conviction or any sentence." The plea agreement further provides that "defendant also waives his right to challenge his conviction, sentence or the manner it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Section 2241 or 2255.

The presentence report had set defendant's criminal history category at level II and the base offense level at 38 due to the amount of methamphetamine involved. The offense level was reduced to 35 based on defendant's acceptance of responsibility. Although defendant's guideline range was 188-235 months, this Court considered the 18 U.S.C. § 3553(a) factors and on March 7, 2008 sentenced defendant to 120 months imprisonment – the mandatory minimum.

## DISCUSSION

The Government contends that this Court properly determined defendant's offense level and that Amendment 709, 18 U.S.C. § 3582(c)(2) "is not a proper vehicle to request a reduction."

Under 18 U.S.C. § 3582, an imposed sentence may be modified under extremely limited circumstances including " in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The Government correctly notes that none of the 18 U.S.C. § 3582 sentencing modifications apply and that this Court utilized Amendment 709 to determine defendant's guideline range. The absence of a subsequent lowering by the Sentencing Commission further supports denial of defendant's sentence modification.

Moreover, defendant waived a collateral attack of his sentence. The Government's argument that this Court correctly determined defendant's criminal history is well supported to further warrant denial of defendant's sentence modification.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant's motion to modify or reduce his sentence.

IT IS SO ORDERED.

**Dated:   February 17, 2009**          /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE